Nov. Term,
1830.

YANDES
v.
LEFAVOUR.

---

*Thursday,*
*December 9.*

---

## YANDES and Another *v.* LEFAVOUR and Another.

2b 371
150 692

Payment of a debt to one partner of a firm is good against the other partners; and a release by one partner to a debtor of the firm is obligatory on the others.

Assumpsit in the name of *A.* and *B.* against *C.*, for work and labour performed by the plaintiffs as partners. The defendant offered to prove admissions, made by one of the plaintiffs after the partnership was dissolved, tending to show that, after the dissolution, the parties had made a different contract respecting the payment for the work than that under which the work had been done. *Held,* that the evidence was inadmissible.

The admission of one partner as to the existence of a debt against the firm, made subsequently to the dissolution of the partnership, is not binding on the other partners.

An acknowledgment of a debt, made by one partner after a dissolution of the partnership, is not sufficient to take a case out of the statute of limitations as to the other partners.

APPEAL from the *Marion* Circuit Court.

HOLMAN, J.—Assumpsit, in the name of *Lefavour* and *Shryock* against *Yandes* and *Wilson*, late partners in business, for work

*Thursday,*
*December 9.*

and labour. The first count is a general indebitatus assumpsit, the second a quantum meruit. The gist of the action is, that the plaintiffs had jointly performed for the defendants work and labour as mill-wrights, for which they were to be paid the current price. This appears to have been the only joint concern in which the plaintiffs had been engaged. On the trial in the Circuit Court, the defendants offered in evidence, a letter written by *Shryock*, several years after the termination of this joint undertaking, and a few days after this suit was instituted; in which he disclaims all interest in the suit, and states that he and *Lefavour* did not complete the whole of the work they had undertaken, and, in consequence thereof, agreed with the defendants to receive pay for what they had done by the day; each to receive his pay separately for the number of days he had worked; that, in consequence of this agreement, the defendant, *Yandes*, paid him for the time he had worked; and that *Lefavour* was to receive his pay in the same manner. Agreeably to a former decision of this Court, so much of this letter as stated the amount that *Shryock* had received on this contract, was admitted in evidence, and the other parts were rejected.

There are two objects for which the appellants claim the right of reading the whole of this letter. The first is, to show that, by a subsequent agreement, the joint concern of the appellees was so dissolved, that a joint action will not lie for any balance that may be due on the original contract; and, secondly, to show that the original contract was changed from a quantum meruit to a payment per diem. We think the letter was inadmissible for either of these purposes. It is admitted that payment to one partner, or one member of a joint concern, is binding on the others; and by the same rule a release or acquittance by one might be obligatory on the others. But the question here is different. The admissions of *Shryock* go to set up a new contract; and if he was incompetent, at the time he made the admissions, to execute a new contract that would bind *Lefavour*, it would seem to follow that his admissions were incompetent to prove that a new contract had been made.

We consider the principle settled, on *American* authority, that, after the dissolution of a partnership, one partner cannot bind another by the admission of a debt. In *Hackley* v. *Patrick*,

3 Johns. R. 536, it was decided that, after the dissolution of a partnership, the power of one partner to bind the others wholly ceases; that there is no reason why his acknowledgment should bind his co-partners, any more than his giving a promissory note in the name of the firm. And, in that case, the acknowledgment was made by the partner who was authorised to settle the partnership accounts. The same principle was recognized in *Walden* v. *Sherburne*, 15 Johns. R. 409. It has also been so decided in *Kentucky*. *Walker* v. *Duberry*, 1 Marsh. 189. And the doctrine of these cases is supported by the Supreme Court of the *United States*. *Bell* v. *Morrison*, 1 Peters, 351. We also consider that the principle is substantially settled, that the acknowledgment of one partner will not take a case out of the statute of limitations. See an exposition of the cases on this question in the above-cited case of *Bell* v. *Morrison*. In that case the position seems to be correctly taken, that a promise that takes a case out of the statute, is not a mere continuation of the original promise, but a new contract springing out of, and supported by, the original consideration. "And if so," continues Judge *Story* who delivered the opinion, "as after the dissolution no one partner can create a new contract, binding upon the others, his acknowledgment is inoperative and void as to them." 1 Peters, 371 (1).

Taking it then as the law, that one partner or joint contractor, after the joint engagement is at an end, cannot make a new contract that will be obligatory on his partner; we are unable to discover any good reason why his admissions should be received to prove a new contract; or how this general principle is affected by the relative position of the parties, as being plaintiffs or defendants. We therefore think the Circuit Court acted correctly in rejecting the evidence.

There was a verdict for the plaintiffs, a motion for a new trial which was overruled, and a judgment on the verdict. On looking into the evidence, all of which is set forth in a bill of exceptions, it appears to us that the jury must have made a mistake in the amount of their verdict, and that a new trial ought to have been granted. We think there is no proof of the items set down by *Lefavour*, on the bill made out by *Sacket*, and are at a loss to know how the jury disposed of the payment about which justice *Foote* testified.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Fletcher, Merrill,* and *Gregg,* for the appellants.
*Brown* and *Wick,* for the appellees.

(1) "It has been repeatedly held in this Court, that though one partner, after the dissolution, cannot bind the other by any new contract, yet his acknowledgment of a previous debt due from the partnership, will bind the other partner, so far as to prevent him from availing himself of the statute of limitations." *Per Sutherland,* J. *Patterson* v. *Choate,* 7 Wend. 445. An acknowledgment within six years, by one of two makers of a joint and several note, revives the debt against both. *Whitcomb* v. *Whiting,* Doug. 652.—*Perham* v. *Raynall,* 9 Moore, 566.—*Pritchard* v. *Draper,* 1 Russ. & Mylne, 191. The declarations of one partner may be proved in order to affect the other partner's right in a partnership affair, although touching matters which have occurred *since the dissolution of the partnership,* namely, the subsequent payment of a partnership demand. *Per Brougham,* C. *Pritchard* v. *Draper,* supra. Vide *Lefavour et al.* v. *Yandes et al.* ante, p. 240.—3 Kent's Comm. 2d Ed. 49.