Nov. Term,
1850.

KIRK
v.
HIATT.

*T. J. Sample*, for the state.

---

## KIRK and Another *v.* HIATT and Another.

|  2  322 |
|137  238 |

|  2  322 |
|150  692 |

The admissions of one partner, made at the time of the payment to him of a debt due to the partners, and at a time subsequently to a dissolution, are admissible against the other partners, as the admissions of an agent relative to an act within the scope of his authority, made at the time when such act was done, are admissible in evidence to bind his principal.

An agent who has only authority to receive payment of a debt, cannot bind his principal by any arrangement short of an actual collection of the money.

The receipt of property is not in itself a payment of a debt, and can only become so by an agreement to receive such property as payment. Such an agreement is a new contract, and will not be binding on the firm, if made by a former partner after the dissolution, without the assent of his co-partners.

An acknowledgment of a debt made by one partner after a dissolution of the partnership is not sufficient to take a case out of the statute of limitations as to the other partners.

*Friday,*
*November* 29.

APPEAL from the *Fayette* Circuit Court.

SMITH, J.—Debt, upon an agreement under seal, for the payment of 200 dollars by the defendants to the plaintiffs. There are four pleas. The first is *nil debet*, to which a demurrer was sustained. The second is a plea of payment. The third plea alleges that, before the commencement of the suit, the defendants sold and delivered to the plaintiffs one horse, gave them the use of another horse for the space of eighteen months, and paid them 100 dollars, in full satisfaction and discharge of said debt. The fourth is a plea of off-set. Issues were

joined on replications traversing the three last mentioned pleas, and the trial resulted in favor of the defendant, who had judgment.

The record does not contain the evidence, but it appears by a bill of exceptions that the plaintiffs requested the Court to give the following instructions:

The admissions of *Kirk*, made long after the dissolution of the partnership between him and the other plaintiff, were not evidence against both the plaintiffs to prove the plea of accord and satisfaction;

An admission by *Kirk*, one of the plaintiffs, in the absence of *Derbyshire*, the other plaintiff, that he, *Kirk*, had received a horse in satisfaction of the demand sued on, does not support the plea of accord and satisfaction;

*Kirk*, one of the plaintiffs, could not receive and accept, in satisfaction of the plaintiffs' demands, a horse, without the consent of *Derbyshire*, the other plaintiff, and that consent should be proved.

The Court refused to give these instructions and charged the jury as follows:

One partner may, even after the dissolution of the partnership, in the absence, and without the knowledge of his co-partner, receive and discharge a debt due the firm, may release it, or receive money or property in accord and satisfaction of it, and his acknowledgment that he had done so is evidence against the firm.

There can be no doubt that, in general, each partner after a dissolution, is authorised to receive debts due the firm, but whether admissions of one partner of such payments made to him bind the other partners, is a question in relation to which there have been contradictory decisions. See cases referred to in *Doughton* v. *Tillay*, 4 Blackf. 435. In *Pritchard* v. *Draper*, (1 Russ. & Myl. 191, 4 Eng. Cond. Ch. R. 393,) Lord *Brougham*, Chancellor, decided that the declarations of one partner, as to the payment, subsequently to a dissolution, of a debt due to the partners, are admissible against the other partners. Considering the relations which exist, after a dissolution, between partners, and the rights and obligations which

remain as between them and third persons, we think the rule adopted in this case, notwithstanding it is opposed by some very respectable *American* authorities, is the correct one, at least so far as regards admissions made at the time of such payment. It is a general principle that the admissions of an agent, relative to an act within the scope of his authority, made at the time when such act was done, may be given in evidence to bind his principals, and the receipt of payment of a partnership debt by one of the partners, after the dissolution of the firm, is such an act.

Upon a former hearing of the case at bar, we were under the impression that the question raised by the instructions was, simply, whether such admissions of payment could be offered in evidence, and an opinion was given accordingly; but a rehearing was granted because, upon a careful examination, we were satisfied that the instructions given, considered in connection with those refused and with the pleadings, contain a proposition which amounts to more than this and by which the jury may have been misled.

It has heretofore been decided by this Court, that an agent, who has only authority to receive payment of a debt, cannot bind his principals by any arrangement short of an actual collection of the money. *Miller* v. *Edmonston*, 8 Blackf. 291.—*Corning* v. *Strong*, Ind. R. 197 (1). The instructions given in this case are, that one partner may, after the dissolution, receive and discharge a debt due the firm, or receive money, or *property*, in accord and satisfaction of it, and his acknowledgment that he had done so is evidence against the firm. We think that part of it which states that one partner, after the dissolution, may, without the knowledge of his co-partners, receive property other than money in satisfaction of the firm debt, is erroneous. The receipt of a horse or other property is not in itself a payment of a debt, and can only become so by an agreement to receive such property as payment; and if such an agreement is a new contract, it is well settled that it will not be binding on

the firm, if made by a former partner, after the dissolution, without the assent of his co-partners. *Yandes* v. *Lafavour*, 2 Blackf. 371. This seems to be the turning point of the question which has been much discussed, whether an acknowledgment by one partner, made after the dissolution, binds the other partners so as to revive a partnership debt otherwise barred by a statute of limitations. The better opinion seems to be that it does not, because a promise to be sufficient to revive a debt which has become extinct, must be founded upon a new contract, though springing out of and supported by the original consideration. Story on Part. 462.

The agreement to receive a horse or other chattel in payment of a debt is, certainly, a different thing from a payment in money, for it necessarily includes a contract relative to the price or value of the chattel to be received. This must, therefore, be a contract entirely distinct from that on which the firm debt was founded, and the other partners ought not to be bound by either the acts or admissions, of a party assuming to make such new contract, without authority to do so.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial, &c.

*J. Ryman*, for the appellants.

*S. W. Parker*, for the appellees.

(1) See 1 Carter's Ind. R. 329.