## Marion Trust Company, Receiver, *v.* Crescent Loan and Investment Company.

[No. 3,594.    Filed October 23, 1901.]

Building and Loan Associations.—*May Borrow Money.—Bills and Notes.*—A building and loan association may borrow money and give its promissory note therefor.  *p. 455.*

Same.—*Officers.—Contracts.—Borrowing Money.—Bills and Notes.*—Where the officers of a building and loan association borrow money without authority and give the note of the association therefor, the board of directors by accepting the proceeds of the loan and applying the same to the payment of stock withdrawals thereby ratifies such act and gives to it the force of a contract entered into by the express authority of the board of directors.  *pp. 455-457.*

Same.—*Bills and Notes.—Borrowed Money.*—A note given by a building and loan association for borrowed money is not invalid because of the facts that the association was at the time insolvent and that the proceeds of the loan were used in paying withdrawing stockholders who were not entitled to withdraw, although the lender had knowledge of such facts.  *pp. 457-459.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Action by the Crescent Loan and Investment Company against the Marion Trust Company receiver of the Washington Savings and Loan Association on a promissory note. From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*J. W. Noel* and *F. J. Lahr,* for appellant.
*W. E. Hackedorn* and *G. C. Calvert,* for appellee.

Comstock, J.—The appellant, The Marion Trust Company, is receiver of the Washington Savings and Loan Association, an insolvent building and loan association, and is engaged in winding up its affairs. The appellee, another building and loan association, filed its intervening petition seeking to recover on two promissory notes given by the officers of the Washington Savings and Loan Association to appellee, payment of which was refused by the receiver.

The petition of appellee was in two paragraphs, in the first of which the petitioner seeks to recover upon a note of $1,000, with interest and attorneys' fees, payable to appellee, signed "The Washington Savings & Loan Assn., George C. Calvert, President. John W. Hall, Secretary." In the second paragraph the petitioner seeks to recover upon a note for $200, with interest and attorneys' fees, payable to the appellee, signed "Washington Savings and Loan Assn., by H. F. Hackedorn, Vice President" and attested by "F. M. Warner, Secretary." The petitioners alleged further that said notes are not paid, that payment is refused by the receiver, and pray the court to have their claims allowed, with interest and attorneys' fees, as preferred claims against the assets of the Washington Savings and Loan Association in the hands of the receiver. The receiver, the appellant, demurred to the petition of appellee on the ground that said petition did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and exceptions taken.

The appellant answered the petition in three paragraphs, in each of which paragraphs there were general allegations setting out that the Washington Savings and Loan Association was a building and loan association, and that the Marion Trust Company was the duly qualified and acting receiver of said association, and that the Crescent Loan and Investment Company was a building and loan association, the first paragraph proceeding as follows: "That said note alleged and set out in the first paragraph of said petition was executed by George C. Calvert and John W. Hall, in the name of the Washington Savings and Loan Association; that said note was wrongfully and illegally and fraudulently executed to secure money to pay withdrawals in full to certain stockholders; that at said time George C. Calvert was president of said Washington Savings and Loan Association and John W. Hall was secretary thereof; that said John W. Hall was also at the same time secretary of the

Crescent Loan and Investment Company and that the said John W. Hall, acting for said Washington Savings and Loan Association, borrowed $1,000 of the same John W. Hall acting for the Crescent Loan and Investment Company; that on said date the Washington Savings and Loan Association was largely insolvent; its insolvency amounting to nearly fifty per cent., and that at said time there was not sufficient money in the treasury to pay certain shareholders who were demanding their withdrawals; that on said date one Samuel W. Miles was demanding the withdrawal of certificate number 635, whose face value was $613, and one A. T. Stewart and Rhoda Stewart were demanding withdrawals on stock, the face value of which was $502.67; that at said time Samuel W. Miles had not been a member of said Washington Savings and Loan Association for sufficient length of time, as required by the by-laws, to have elapsed in order to mature his withdrawal, and said Samuel W. Miles had not given notice of withdrawal as provided by the by-laws; that said A. T. Stewart and Mrs. Rhoda Stewart had, after filing their notice of withdrawal, regularly accepted dividends from time to time thereafter, and had not refiled their notice to withdraw after accepting said dividends, and that there were many stockholders who had filed their notice of withdrawal prior to the notice of withdrawal of said A. T. Stewart and Mrs. Rhoda Stewart and who had not been paid the withdrawal value of their stock and who were demanding the same. And the said money was so paid to the said Samuel W. Miles and to A. T. Stewart and Rhoda Stewart out of turn. That said stock was paid in full in the face value thereof, and was not discounted on account of the insolvency of the association, and that all of said $1,000 was borrowed of said Crescent Loan and Investment Company for the purpose of paying said withdrawals of said Miles and said A. T. Stewart and Rhoda Stewart; that at the time said money was borrowed in order to pay said withdrawals there was not sufficient money in

the treasury to pay said withdrawals, and that there was no money available at any future time for the payment thereof, and that the officers of said association who executed said note and the officers of the Crescent Loan and Investment Company who made said Loan and accepted said note, all knew of the condition of said Washington Savings and Loan Association and knew that said withdrawals were to be paid and were paid with said money so loaned, and were paid out of turn, and knew the facts and circumstances herein alleged; that said money was borrowed wrongfully, fraudulently, and illegally for the purpose of realizing money with which to permit certain shareholders to withdraw from said association without loss, whereas on distribution of the assets said shareholders will suffer great loss in the depreciation of their stock.   That said loan and the execution of said note were not authorized by the board of directors of said Washington Savings and Loan Association, and the officers of said association made said loan and executed said note without authority."

The second paragraph is similar to the first paragraph, but alleges that Hackedorn was an officer of both associations at the time the loan was made and stood in the same relation to both associations and to the $200 loan that Hall held to the associations and to the first loan of $1,000, and that the loan was made for a similar purpose.

In the third paragraph of answer, which was in answer to appellee's first paragraph, the allegations were similar to the allegations in the first paragraph of answer, the only difference being in the purpose for which the money was loaned, in the third paragraph it being set out that the money was borrowed to take up a void note held by George C. Calvert, said Calvert having advanced money to the association to pay the withdrawal of one Miles, when Miles was not entitled to the withdrawal of his stock, for the reason that the association was insolvent and Miles had given no notice.

The petitioner demurred separately to each paragraph of

answer, and the demurrers were sustained. The appellant refused to plead further. Whereupon the court gave judgment against the receiver for the sum of $1,386.66 and $106.02 attorneys' fees, and costs, which judgment was made a preferred claim against the assets of the association. The specification of the assignment of errors discussed challenge the action of the court in sustaining the demurrers to appellant's first, second, and third paragraphs of answer.

A building and loan association may borrow money and give its promissory note therefor. *North Hudson, etc., Assn.* v. *First Nat. Bank,* 79 Wis. 31, 11 L. R. A. 845, and authorities cited; Beach on Priv. Cor., §327.

For the consideration of this case, it may be conceded, as claimed by counsel for appellant, that this power to borrow is limited, viz., for emergency purposes when funds are in sight and soon to be available; that the payment of money secured upon the credit of the association to stockholders in full when the association is insolvent is a fraud against the remaining stockholders; that the corporation is charged with knowledge of the acts of its officers who loan money to another corporation, of which he is also an officer when he transacts the business for both corporations; that in seeking to recover upon the notes in suit, the appellee ratifies the agency of the officer who acted for it in the transaction, and accepts his knowledge as its own; that members have no right to withdraw from an insolvent corporation and have no equitable right to more than their pro rata share of the assets. *Bingham* v. *Marion Trust Co., ante,* 247.

If an officer borrows money without authority and gives the note of the corporation therefor, the board of directors may subsequently ratify his act and give to it the force of a contract entered into by the express authority of the board of directors. Beach on Priv. Cor. §195; Morawetz on Priv. Cor., §634. "The maxim which makes ratification equivalent to a precedent authority is as much predicable of ratification by a corporation as it is of ratification by any other

principal, and it is equally to be presumed from the absence of dissent." *Kelsey* v. *National Bank,* 69 Pa. St. 426, 429. Unless a principal disaffirm promptly the act of his agent by which he has transcended his authority, he makes the act his own. In accepting the proceeds of the loan made by the agent without authority, the principal ratifies the act of the agent. Mechem on Agency, §148.

The Washington Savings and Loan Association borrowed money and applied it to a purpose which, under the law, was not authorized, and applied to the payment of stockholders who were not entitled to receive the whole of it. The act was not actually prohibited by express law, nor against public policy, but it was in excess of the power of the corporation; yet the association received the benefit of the money thus borrowed, though not to the full extent of the amount borrowed, and still retains it without any offer of a return thereof.

The general principles of the law of *ultra vires* are in 4 Am. & Eng. Ency. of Law, (2nd ed.), p. 1018, thus stated: "The general principles of the law of *ultra vires* apply to the contracts of building and loan associations, and, subject to the various modifications elsewhere laid down, it may be said that if the contract in question is not prohibited by express law, nor contrary to public policy, but merely in excess of the powers granted to the corporation, it is enforceable if executed on both sides, or on the side of either the corporation or the other party; but if wholly executory, it is not enforceable. If contrary to public policy or prohibited by a statute forbidding the contract in question, the contract, save in certain excepted cases, cannot be enforced." See, also, Endlich on Build. Assns., §218; Thompson on Build. Assns., p. 107.

In *Wright* v. *Hughes,* 119 Ind. 324, 12 Am. St. 412, an action by policy holders of an insurance company to have canceled and declared void a mortgage executed by the directors to another insurance company, the court say at p.

331: "If, however, it were conceded that the borrowing of the money was a transaction beyond the chartered power of the corporation, the authorities fully justify the conclusion that it would not be heard to assert the invalidity of the transaction while it retained its fruits. The rule is now too thoroughly established to be longer open to question, that where a contract has been executed and fully performed on the part of the corporation, or of the party with whom it contracted, neither will be permitted to insist that the contract was not within the power of the corporation. *State Board* v. *Citizens St. R. Co.*, 47 Ind. 407, 17 Am. Rep. 702; *Louisville, etc., R. Co.* v. *Flanagan*, 113 Ind. 488, 3 Am. St. 674; *Chicago, etc., R. Co.* v. *Derkes*, 103 Ind. 520; *Pancoast* v. *Travelers Ins. Co.*, 79 Ind. 172; *Hitchcock* v. *Galveston*, 96 U. S. 341, 24 L. Ed. 659; *Ohio, etc., R. Co.* v. *McCarthy*, 96 U. S. 258, 24 L. Ed. 693; *Bradley* v. *Ballard*, 55 Ill. 413; *Memphis, etc., R. Co.* v. *Dow*, 19 Fed. 388; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62, 20 Am. Rep. 504."

It is earnestly insisted by counsel for appellant that, if the lender, "an association, by its officer, acts conjointly with the officer of another association to make a loan to the second association, for illegal purposes working fraud against it, the same individual being the officer acting for each and both associations, the lender can not recover." The facts as averred in the answer show that the officer of the Crescent Loan and Investment Company knew that the money was being borrowed and applied to a purpose unauthorized, but not actually prohibited. It has been held that the lender of money is not affected by the wrongful application of the money loaned, and that his right to recover will not be defeated by his knowledge that it was to be devoted to an illegal use, unless such illegal use was made a condition of the lending, or the lender actually participated in such illegal use. The cases recognize the distinction between knowledge of the lender of the illegal purpose of the borrower and the doing

of an act to further that intent. The contract of loan was not in itself illegal or immoral.

Appellee had money to loan, The Washington Savings and Loan Company was authorized to borrow it for legitimate purposes. Appellee knew that the money was borrowed for a purpose not in itself immoral or wrong, but illegal because not within its corporate power. The validity of a contract depends upon its terms, and the consideration upon which it is executed. The contract of appellee was to loan the money, and of the appellant to pay it back. Such contract is a legal one. The mere knowledge of appellee of the illegal use to which it was intended to apply the money, or the purposes of the appellant, do not form a part of the consideration. The consideration is the cause of the contract, and is distinct from the motive to it.

In *Tracy* v. *Talmage,* 14 N. Y. 162, 210, 67 Am. Dec. 132, the doctrine is laid down that in an action to recover the price of goods sold, it is no defense that the vendor knew they were bought for an illegal purpose provided it was not made a part of the contract that they should be used for that purpose, and provided also that the vendor had done nothing in aid or furtherance of the unlawful design beyond the mere sale with knowledge of the intent of the purchaser. Contracts founded upon an illegal consideration, or which contemplate the performance of that which is either *malum in se,* or prohibited by positive statute, are void. This rule does not apply to contracts made by corporations which are objected to as merely *ultra vires.*

In *Wright* v. *Hughes,* 119 Ind. 324, the court at p. 330, of the opinion, say: "In such a case, although the lender may know that it is the purpose of the borrower to use the money in an irregular way, yet if the contract between the lender and borrower is not in violation of law, or declared void by statute, the money may be recovered, unless the lender was in some way implicated in furthering the borrower's design, or accessory to the prohibited or illegal act.

*Sondheim* v. *Gilbert,* 117 Ind. 71, 5 L. R. A. 432, 10 Am. St. 23; *Cummings* v. *Henry,* 10 Ind. 109; *Bickel* v. *Sheets,* 24 Ind. 1." This case is cited and approved in *First Nat. Bank* v. *Dovetail, etc., Co.,* 143 Ind. 550, 52 Am. St. 435.

·The contract has been fully performed on the part of appellee. The Washington Savings and Loan Association has received the fruits of the contract. It would be inequitable to allow the representative of the corporation to set it aside and retain its benefits; such holding would be a more serious violation of law and morals than the unauthorized loan and misappropriation of the money borrowed. There is no question that a part of the money paid to the stockholders was owing them; all the other shareholders were thereby benefited by such payment. The parties to whom it was paid were admittedly entitled to a portion of it. If it was used in the payment of claims before they were due, or in amounts larger than were due, and in payment of apparent and not actual liabilities, such facts would not justify the repudiation of the debt.

Judgment affirmed.