## BIG FOUR BUILDING ASSOCIATION *v.* CLEGG.

[No. 5,873.    Filed December 13, 1906.]

1. BUILDING AND LOAN ASSOCIATIONS.—*Withdrawal.*—*Notice.*—*Waiver.*—Under §4447 Burns 1901, Acts 1885, p. 81, §4, stockholders in a building and loan association must give three months notice of withdrawal before they have the legal right to the value of their stock, but such notice may be waived by the association.  p. 190.

2. SAME.—*Payment of Forged Certificates.*—*Notice.*—Whether a building and loan association paid, on forged assignments, certificates of stock, with or without notice, is immaterial in an action by the true owner for the value thereof.  p. 191.

3. BUILDING AND LOAN ASSOCIATIONS.—*Forged Assignments of Stock.—Evidence.*—Where plaintiff testifies that she never executed, nor authorized any one else to execute, assignments of her stock in a building and loan association, and another testified that the assignments were not signed by plaintiff, and it is shown that the alleged assignees had absconded, a finding that plaintiff is entitled to recover the value of her shares is justified. p. 191.

4. SAME.—*Stock.—Forfeiture.*—Where plaintiff's shares in a building and loan association were assigned by forgery, and paid to such assignee, plaintiff's failure to pay further thereon did not subject her shares to a liability to forfeiture, plaintiff being thereafter a creditor of such association. p. 192.

From Superior Court of Marion County (56,277); *Vinson Carter,* Judge.

Action by Sarah A. Clegg against the Big Four Building Association. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Wymond J. Beckett,* for appellant.

*Payne & Thompson, Frank T. Brown* and *Walter L. Carey,* for appellee.

COMSTOCK, J.—Action by appellee against appellant, defendant below, to collect the withdrawal value of two certificates of stock in the appellant building association. The complaint is in three paragraphs. In the first it is alleged that appellee is the owner of ten shares of instalment stock and one share of prepaid stock in said building association; that the surrender and withdrawal value of said shares is $300; that in December, 1895, she gave notice to said association and the board of directors thereof of her intention to withdraw and cancel said shares in conformity to the rules of the association; that after the withdrawal value became due, and before the commencement of this action, she made demand of the officers of the defendant, which was refused. The second paragraph alleges that she placed her shares in the hands of Henry H. Moats for the purpose of withdrawing the same, and that said Moats gave notice of withdrawal in his own name,

and forged the name of appellee to an assignment of said stock to said Moats, withdrew the money from the association and used it for his own purposes; that before the commencement of this action she notified appellant that the assignment to said Moats was a forgery, and demanded that the stock be reissued to her, or that the withdrawal value be paid to her. The third paragraph is on the same theory as the second, but alleges that some person unknown to her forged her name to the assignment of the certificate of stock to Henry H. Moats, and that afterwards Henry H. Moats assigned and transferred said certificate to E. J. Richards, who afterwards withdrew the value of said stock from the association. This paragraph makes the same demand as the second. The cause was put at issue by general denial, tried by the court, and judgment rendered in favor of appellee for $369.31. The only question discussed by appellant is the overruling of its motion for a new trial. Other assigned errors are therefore waived.

We will consider only the reasons for a new trial discussed. It is claimed that although each paragraph of the complaint alleges that three months' notice of

1.  the withdrawal of the stock was given, and although such notice is required by statute (§4447 Burns 1901, Acts 1885, p. 81, §4) and by the by-laws of the association to be in writing, yet the evidence wholly fails to show that any notice of withdrawal, either oral or in writing, to any person connected with the association was given. The section of the statute referred to provides: "Any stockholder wishing to withdraw from said corporation may do so on three months' notice given to the board of directors." Section twenty-seven of the by-laws of the association reads: "Any stockholder whose stock is unpledged for a loan, wishing to withdraw from said association, may do so on three months' notice in writing, given to the board of directors." These provisions of the statute and of the by-laws are made for the benefit of the association. They

NOVEMBER TERM, 1906.          191

Big Four Bldg. Assn. *v.* Clegg—39 Ind. App. 188.

may be waived, but payment could not be enforced without the notice prescribed. It will be presumed that the payment was not made without notice. We need not 2. examine the record to ascertain whether notice was given or not, for it would be no defense for the appellant to show that payment was made without notice. Granting that there could be no recovery under the first paragraph without proof of notice, yet, if it appears from the evidence that the value of the stock has been withdrawn by some one not authorized to receive the same, there might be a recovery on one or the other of the remaining two paragraphs. The gist of the second and third paragraphs is that the stock value was paid upon forged and fraudulent assignments and transfers. If the stock value was paid as alleged in either the second or third paragraphs of the complaint, the association cannot be heard to say that these payments were made without notice.

The plaintiff testified that she was the owner of the certificates, and the stock represented by them in suit; that she never sold or transferred either of them or any 3. part thereof to any person; that she never wrote her name on the back of either of them, or authorized any one else to do so, and never acknowledged the assignment of either of them before any notary public; that she never borrowed from nor owed the association any money on said stock or in any other "shape;" that she never got back any of the money paid on said stock; that she gave Henry H. Moats the certificates about Christmas, 1895, to put in notice of withdrawal, and for no other purpose, and has never seen them since and does not know what became of them. Appellee's testimony is in no way contradicted, and is ample to show that she did not assign, nor authorize any one to assign for her, the certificates in question, and that she was not in any way indebted to the association, and that she had not received anything on account of said stock. Mr. McDowell, a witness in behalf of the plaintiff,

192      APPELLATE COURT OF INDIANA,

Big Four Bldg. Assn. *v.* Clegg—39 Ind. App. 188.

testified that he saw at the office of the appellant what purported to be an assignment by appellee of certificate No. 38, but that the signature was not in the handwriting of appellee, and that the same was not acknowledged; that Rollin R. Smith's name was on the assignment; that this was in 1896, soon after Mr. Moats had left Indianapolis; that said certificate was shown him by the bookkeeper of the association; that he stated to said bookkeeper that the signature of Mrs. Clegg was not genuine; that the bookkeeper refused to let him see the other certificate. The testimony of Mrs. Clegg and of Mr. McDowell sustains the conclusion that the assignment of these shares was not made by appellee or with her knowledge or consent. There is evidence from which the court could fairly conclude that on March 4, 1896, the stock value of the prepaid certificate No. 38—$62.65—was paid to E. J. Richards, and that the stock value of certificate No. 2,378—C—$226—was paid to Mr. Austermiller, June 4, 1896. It is significant in this connection that soon after the withdrawal of the stock, Rollin R. Smith, E. J. Richards, and Henry H. Moats left the State of Indiana "under a cloud."

The claim that appellee's stock was forfeited cannot be sustained. The burden to show forfeiture was upon appellant. Certificate No. 38, prepaid, was not forfeitable when appellant association, through negligence or mistake, permitted appellee's stock to be withdrawn by, and converted to the use of, another by forgery or other unlawful means. The stockholder became the creditor of the corporation, and while sustaining that relation her stock was not subject to forfeiture. From the evidence it does not appear that the amount of the judgment is excessive.

Judgment affirmed.