## ROBERTSON'S MUSIC HOUSE v. HOLY.

[No. 12,017. Filed March 11, 1925.]

1. PRINCIPAL AND AGENT.—*One dealing with special agent must take notice of extent of his authority.*—A person dealing with a special agent must take notice of the extent of his authority. p. 531.

2. CONTRACTS.—*Party to written contract charged with knowledge of its provisions.*—A party to a written contract is charged with knowledge of its provisions. p. 531.

3. PRINCIPAL AND AGENT.—*One authorized to collect a debt can only receive money therefor.*—A person authorized to collect a debt cannot receive anything but money in payment unless specially authorized to do so. p. 531.

4. PRINCIPAL AND AGENT.—*Principal not bound when special agent exceeds his authority.*—When a special agent exceeds his authority, the principal is not bound by the agent's act. p. 531.

5. PRINCIPAL AND AGENT.—*Burden on defendant in replevin to show agent's authority to accept horses in payment for articles purchased of plaintiff.*—In an action of replevin for a piano sold on contract reserving title in vendor and providing that on failure to make the payments as stipulated, the vendor

should be entitled to possession, the burden was on the purchaser of showing that the vendor's agent, to whom she had delivered a team of horses and a sum of money in full payment of balance due, had authority to receive the horses in payment.   p. 532.

6.  SALES.—*Seller entitled to recover property sold "on payments" on failure to make payment as stipulated.*—In absence of evidence that seller's agent had authority to accept horses as part payment of piano purchased on installment plan, the contract requiring payments in money and reserving title in vendor until fully paid for, the seller, to whom horses were never delivered by agent, could replevy piano on failure to make any payment in manner and at the time stipulated. p. 532.

From Marion Superior Court (A 21,916) ; *Sidney S. Miller,* Judge.

Action by Robertson's Music House against Emma Holy.   From a judgment for defendant, the plaintiff appeals.   *Reversed.*

*Bingham & Bingham, James Bingham* and *Remster A. Bingham,* for appellant.

THOMPSON, J.—This is an action in replevin brought by the appellant against appellee to recover a player-piano.   Judgment was rendered for the appellee that appellant take nothing, and that appellee recover costs.

Appellant filed a motion for a new trial on the following grounds:   *First:*   The decision is not sustained by sufficient evidence.   *Second:*   The decision is contrary to law.

This motion for a new trial was overruled by the court, and appellant excepted.

The assignment of error is the overruling by the court of the motion for a new trial, and the question to be determined is whether or not the evidence is sufficient to sustain the decision.

The evidence discloses the fact that one H. H. Williams, agent of the appellant, solicited the appellee to sign a written contract for the purchase of a player-

piano, in which written contract, it was specified that appellee agreed to purchase a player-piano, at and for the sum of $675, and received a credit of $175 for a second-hand piano on payment of the new instrument.

It was stipulated in the written contract that the balance of $500 should be paid in installments of $20 on the seventh day of each month until the above named sum, with interest, had been paid in full, said payments to be forwarded by postal money order, draft or registered letter, at purchaser's expense, to Robertson's Music House, 525 Wabash avenue, Terre Haute, Indiana, and that the title to said piano should remain in Robertson's Music House until same had been fully paid for.

The evidence further shows that when the first payment became due under the written contract, the appellant notified the appellee, and the appellee informed the appellant that she had paid the balance due on the piano to one H. H. Williams, agent of the appellant, and that said Williams had accepted, as full payment of the balance due on said piano, one team of horses and $18 in money. The horses and the $18 in money, the evidence further shows, was never turned over by Williams to the appellant, and said agent, Williams, had never been authorized by appellant to accept horses in payment of the debt.

A person dealing with a special agent must take notice of the extent of his authority. *Blackwell* v. *Ketcham* (1876), 53 Ind. 184; *Davis* v. *Talbot, Receiver* (1894), 137 Ind. 235; *Gaar, Scott & Company* v. *Rose* (1892), 3 Ind. App. 269; *Lucas* v. *Rader* (1902), 29 Ind. App. 287; *Crumpacker* v. *Jeffrey* (1917), 63 Ind. App. 621. The written contract in this case shows that the money was to be sent in payments of $20 each on the seventh day of each month, by postal money order, draft or registered letter, to

Robertson's Music House, 525 Wabash avenue, Terre Haute, Indiana. The appellee herein was a party to the written contract and is thereby charged with knowing the contents of the same. It is the law in this State, as well as other jurisdictions, that a person authorized to collect a debt cannot accept anything except money therefor, unless specially authorized to do so. (See *Kirk* v. *Hiatt* [1850], 2 Ind. 322; *Davis* v. *Talbot, Receiver, supra.*) There are numerous authorities in this State to the effect that when a special agent exceeds his authority, the principal is not bound.

The evidence in this case shows that as soon as the' appellant herein learned that Williams had accepted the horses in payment for said balance due on the piano, appellant at once took the matter up with appellee and told her that Williams had no authority to accept the horses and that they had at no time ratified or acquiesced in his acceptance of the horses as part payment on the piano.

In this case, the burden of proof was upon the appellee to show that Williams had authority to accept the horses as part payment on the piano. The 5, 6. evidence wholly fails in this respect. In fact, there is no evidence tending to prove that Williams had any authority to accept the horses as part payment on the piano.

While it is unfortunate in this case that the appellee was induced to turn over the horses and money to Williams, yet we have no right to declare the law to be other than what it is. The evidence is not sufficient to sustain a finding upon the issue of payment in favor of the appellee herein, and the court erred in overruling the appellant's motion for a new trial. The judgment, therefore, is reversed, with instructions to the lower court to sustain the motion for a new trial and for further proceedings.