NEW RICHMOND BUILDING LOAN FUND & SAVINGS AS-
SOCIATION *v.* HOLLIN.

[No. 14,705.   Filed September 25, 1934.   Rehearing denied
January 25, 1935.]

*W. J. Sprow,* for appellant.

*Chase Harding,* for appellee.

WOOD, J.—The appellee brought suit against the ap-
pellant by a complaint in two paragraphs.  The amended
first paragraph of complaint alleged, in substance, that
on January 1, 1922, one John W. Hollin was the owner
of twenty-one shares of stock in the appellant associa-
tion, of the alleged value of $2929.48; at that time he re-
quested appellant to pay him the value of the stock, and
notified it of his intention to withdraw his funds and
investment therefrom, and did all things necessary in

law to properly withdraw them from appellant. At that time appellant did not have sufficient funds on hand with which to pay Hollin, so by and through its secretary, who had charge of and managed its affairs, it was agreed with Hollin, that the investment would be left with appellant, to be thereafter considered and treated as a loan of money from Hollin to appellant, to be paid to him by appellant from time to time as it was able with six per cent interest on all unpaid balance of the investment. The agreement was submitted to and approved by the board of directors, and the parties thereto proceeded to carry it out. From January 8, 1922, to December 13, 1927, appellant made payments from time to time upon the original investment with six per cent interest thereon amounting in the aggregate to $3,090.81, all parties to the transaction treating it as a loan. During this time Hollin died and the appellee and her husband had delivered all certificates, writings, pass-books, and other matters in any way connected with said loan and liability to appellant, and it had possession of all knowledge and facts pertaining to appellee's claim. She made repeated demands upon appellant for the balance due on her alleged claim, both principal and interest. Appellant often promised to make payment, but before the bringing of this action denied liability. The second paragraph of complaint was for money had and received.

The appellant demurred to the amended first paragraph of complaint for insufficiency of facts. The memoranda accompanying the demurrer, questioned this paragraph of complaint, upon the assumption, that the appellee sought to recover the amount which she had invested in the association, together with dividends declared thereon, as a stockholder. The demurrer was overruled. Appellant filed a separate answer in two paragraphs to each paragraph of complaint. The first

paragraph of each answer was a general denial, and the second paragraph was a plea of payment. There was no reply filed to either of the second paragraphs of answer. The cause was tried to the court without a jury resulting in a finding and judgment for the appellee.

Appellant appeals, assigning as error for reversal, the overruling of its demurrer to the amended first paragraph of complaint, and the overruling of its motion for a new trial. The causes for a new trial were, that the recovery was too large, that the decision of the court was not sustained by sufficient evidence and was contrary to law.

Appellee's amended first paragraph of complaint was based upon the theory of recovery of money together with interest accrued thereon as a loan, and not upon the theory of recovery of money invested in the association with dividends due thereon as a stockholder.

The appellant had authority to borrow money for any of its corporate purposes and to issue its evidences of indebtedness therefor. Sec. 5091, Burns 1926. Any stockholder of an association of the class to which appellant belongs could after three months notice in writing to the directors, under certain conditions, withdraw his stock together with all declared dividends from the association. The board of directors could in its discretion, waive the notice of withdrawal. Sec. 5085, Burns 1926. The provision of the statute requiring the giving of a notice of withdrawal of stock is for the benefit of the association, and this court has held that it may be waived, while payment of the stock could not be enforced without notice. *Big Four Bldg. Assn.* v. *Clegg* (1906), 39 Ind. App. 188, 79 N. E. 517.

The amended first paragraph of complaint alleges, and the evidence supports the allegations that the appellee's husband, a stockholder, made known to appel-

lant his desire to withdraw his investment from the association, that it was not at the time possessed of funds in amount sufficient to reimburse the stockholder. It was then agreed with the secretary of appellant, its board of directors assenting thereto, that if the stockholder would not insist upon withdrawing his stock, that the amount due thereon would be treated as a loan, and would be paid to him from time to time as the appellant was able, with interest at six per cent until the loan was fully paid and satisfied.

The alleged contract was one which it was within the power of the appellant association to enter into. The evidence shows that after the contract was entered into as alleged in the complaint, both parties thereto acted upon it, and proceeded with its execution. From January 5, 1923, until December 13, 1927, with the knowledge of its directors the appellant made eleven payments of different amounts, to appellee or her husband. She and her husband had in consideration of the agreement to treat the amount due them as a loan to the association, with the privilege of paying it as such, performed their part of the contract, by surrendering their rights as stockholders and accepting payments at the convenience of appellant during the period of time shown by the evidence. Having received the benefit of the alleged agreement, it would now be inequitable to permit the appellant, through its board of directors or other officers to set aside the contract. Their conduct as disclosed by the evidence, amounted to a ratification of the proposed agreement entered into between the secretary of appellant, and appellee and her husband, and appellant was bound thereby. *Wright* v. *Hughes* (1889), 119 Ind. 324, 21 N. E. 907, 12 Am. St. 412; *The Wayne etc., Assn.* v. *Moats* (1897), 149 Ind. 123, 48 N. E. 793; *German-American etc., Assn.* v. *Droge* (1895), 14 Ind. App. 691, 43 N. E. 475; *Marion*

*etc., Co.* v. *Crescent etc., Co.* (1901), 27 Ind. App. 451, 61 N. E. 688; *Indiana etc., Co.* v. *International etc., Assn.* (1905), 36 Ind. App. 685, 74 N. E. 633; *Cole etc., Co.* v. *Hacker* (1910), 45 Ind. App. 368, 90 N. E. 923; *Seymour etc., Co.* v. *Viking Co.* (1928), 87 Ind. App. 179, 161 N. E. 389.

Finding no error in the record the judgment is affirmed.