BLACK *v.* KRAUSS ET AL.

[No. 17,821. Filed May 5, 1949. Rehearing denied May 24, 1949. Transfer denied November 17, 1949.]

530

*Walker & Walker*, of Evansville, for appellant.

*Wilbur F. Dassel* and *Sydney L. Berger*, both of Evansville; and *Leslie H. Hendrickson*, of Boonville, for appellees.

BOWEN, J.—This is an appeal from a judgment in an action brought by the appellant who was the owner of unpaid Barrett Law bonds, against the appellee Krauss to recover a personal judgment for the unpaid balance of an assessment for street improvements upon which the appellee Krauss had signed a Barrett Law waiver. Appellee, Paul W. Luhring, to whom Krauss had conveyed the lot involved in the assessment, was made a defendant at his own request.

The case was tried by the court which rendered judgment for appellees upon special findings of fact and conclusions of law.

Error assigned for reversal is the action of the court in overruling appellant's motion for a new trial which was based upon the specifications; that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the court erred in each of the first and second conclusions of law, which were that the law is with the defendant, George L. Krauss, and that Krauss is entitled to judgment and to recover his costs.

The appellees question the sufficiency of appellant's brief to present any question in that the appellant has failed to comply with Rule 2-17 (f) of the Rules of the Supreme and Appellate Courts. The appellees contend that the appellant has failed to copy the assignment of errors set forth in the record in her brief under Propositions, Points, and Authorities, and that appellant has failed to apply its points on statements of rules of law to the question involved under each specification. A careful consideration and examination of appellant's brief in connection with all of appellees' objections convinces us that while some of appellees' objections are well founded, we feel they are technical in nature, and that the brief does disclose a good faith effort has been made by appellant's counsel to prepare the brief in conformity with the rules and requirements of this court. It seems apparent, taking the brief as a whole, that the brief-maker had the various rules in mind and has so prepared and presented his questions so that under the rules and with full consideration thereof this court is able to fully understand the questions presented in this appeal. Under the decisions of our courts we must

rule that the brief of appellant is sufficient. *Linville* v. *Chenoweth* (1945), 115 Ind. App. 355, 59 N. E. 2d 129; *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 71, 46 N. E. 2d 836; *Kist* v. *Coughlin* (1944), 222 Ind. 639, 649, 57 N. E. 2d 199.

There is no dispute concerning the material facts, and the issues presented question the inferences and conclusions in the court's findings and conclusions of law with reference to the facts. The facts show that the appellant was the owner of certain bonds issued to pay for the improvement of two streets in Evansville. That the appellee, Krauss, was the owner of a lot abutting these two streets at the time the assesment was made for the improvements. That he signed a Barrett Law waiver for the payment of the street assessment in ten installments. That after signing the Barrett Law waiver, Krauss deeded the real estate in question to one Paul Luhring and the deeds from Krauss to Luhring were recorded in the Recorder's Office of Vanderburgh County. In these deeds, Luhring assumed and agreed to pay the assessments. The assessments for street improvements were not paid by Luhring and Krauss was not notified of Luhring's failure to pay. Mrs. Black, the owner of the unpaid bonds and the appellant herein, turned the bonds over to the law firm of Walker and Walker "to collect in a satisfactory manner and method and by whatever means they decided best." Colonel Walker testified that the Pocket Realty Company was part of a plan to clear up a number of these bonds and took a great number of quit claim deeds, and in answer to the question whether in this particular case the Pocket Realty Company acted for the plaintiff, Maude Black, Walker stated: "to the degree we described. They still have title to this property. They acted in order to

help Walker and Walker in what seemed to be the best results for Mrs. Black. They had no direct connection with Mrs. Black. They acted at our request."

The court found that the law firm of Walker and Walker and members of the family of Colonel Walker owned the controlling stock of the Pocket Realty Company and the Hi-Way Development Company and maintained offices of said companies in the Old National Bank Building, along with the law firm of Walker and Walker, and the said Pocket Realty Company was used as an agent for the law firm to assist in the adjusting and settling of the bonds turned over to them by the plaintiff, Maude V. Black.

One Benoni J. Bippus was employed by the Hi-Way Development Company in the year 1940, and also acted as agent for the Pocket Realty Company and the law firm of Walker and Walker in the settlement, adjustment, and collection of the accounts and street improvement bonds turned over to Walker and Walker by the plaintiff, Maude Black.

On August 13, 1940, Henry Walker, of the law firm of Walker and Walker, and as attorney for Maude Black, caused two letters to be written and mailed to Paul W. Luhring, which said letters are in the words and figures as follows, to-wit:

"August 15th, 1940
Mr. Paul W. Luhring
1001 Adams Ave.,
City

Dear Sir:

We have in our office for collection, street improvement bonds against you in a total sum of over $3,000.00 against lot 5 in block 3 in Brookhaven. There are also delinquent taxes in excess of $400.00. The amount of liens far exceed the value

of the property. Would you be willing to give a quit-claim deed for $10.00?

Very truly yours,
Walker & Walker"

"August 15th, 1940

Mr. Paul W. Luhring
1001 Adams Ave.,
City

Dear Sir:

We have in our office for collection, street improvement bonds against you in a total sum of over $1,800.00 against lot 8 in block 5 of Brookhaven. There are also delinquent taxes in excess of $300.00. The amount of liens far exceed the value of the property. Would you be willing to give a quit-claim deed for $10.00?

Very truly yours,
Walker & Walker"

That upon receipt of the letters set out, Paul W. Luhring called by telephone the office of Walker and Walker and talked to Benoni J. Bippus and acknowledged receipt of the letters referred to and stated: "While I had expected to realize more out of this lot I would, in order to get relieved of this burden and all and get things straightened out, I would prepare the deed."

When Luhring came to the office to sign and deliver the deed, Henry Walker was in the office and signed the check for $10 which was given to Luhring for the deed.

The appellant contends that this set of facts does not show an accord and satisfaction which would release Krauss from the payment of the unpaid Barrett Law bonds, and that there is no evidence of any authority from the appellant to Walker and Walker

other than to collect the obligation in full according to its terms.

Appellant has assigned as error that the decision of the trial court is not sustained by sufficient evidence and is contrary to law in that the finding of the court and the special finding of facts are not sustained by sufficient evidence and are contrary to law. Under these specifications of the motion for a new trial we are required to examine the evidence and determine whether the special findings of the facts contain a fact essential to the decision of the court which is not supported by any evidence or reasonable inferences to be drawn therefrom; and whether the undisputed evidence establishes a controlling fact within the issues which is not found but which, if found, would necessitate different conclusions of law and a different judgment based thereon. *Bulen v. Pendleton Banking Co.* (1948), 118 Ind. App. 217, 78 N. E. 2d 449; *Central Pharmacal Co.* v. *Salb* (1938), 106 Ind. App. 495, 13 N. E. 2d 875; *C. Callahan Co.* v. *Lafayette Consumers Co.* (1936), 102 Ind. App. 319, 2 N. E. 2d 994; *Lincoln National Life Ins. Co.* v. *Jensen* (1934), 99 Ind. App. 397, 189 N. E. 169.

The crux of this case is whether the authority granted by the appellant, Mrs. Black, to the law firm of Walker and Walker to collect the unpaid Barrett Law bonds in a satisfactory manner and method and by whatever means they decided best was sufficient to empower them with authority to accept a deed in discharge of Luhring's liabilities to her, and whether the execution of a deed by Luhring and wife to the Pocket Realty Company under all of the circumstances operated as a release and an accord and satisfaction of the debt of Krauss.

The law is settled that a grantee of real estate, the deed of conveyance to whom contains a stipulation for his assumption of a debt secured by mortgage thereon, which debt his grantor is personally bound to pay, becomes, by the acceptance of such deed, personally bound to the mortgage creditor; and, as between such grantee and his grantor, the former becomes the principal debtor, while the latter becomes a surety. *Ellis et al.* v. *Johnson, Trustee* (1884), 96 Ind. 377; *Figart* v. *Halderman* (1881), 75 Ind. 564; *Hill* v. *Minor* (1881), 79 Ind. 48. And, "where a purchaser has assumed the payment of a mortgage and has subsequently conveyed the land to the mortgagee by a deed reciting that the conveyance is subject to mortgage, . . . the mortgage will be regarded as paid and discharged, so that the mortgagee cannot maintain an action against the mortgagor upon the mortgage note, although the value of the land at the time of the conveyance be less than the debt secured. . . ." 9 *Thompson on Real Property* 505, § 5049 (Perm. Ed.).

In the instant case, if the circumstances shown amounted to a release by appellant of Luhring from his liability to pay the Barrett Law assessment, which liability was assumed by Luhring in the deed to him, Krauss would thereby be released from any liability to appellant on the bonds or for a deficiency arising upon a foreclosure.

The law is settled that a person authorized to collect a debt cannot accept anything except money therefor, unless specially authorized so to do. *Kirk* v. *Hiatt* (1850), 2 Ind. 322; *Robertson's Music House* v. *Holy* (1925), 82 Ind. App. 529, 146 N. E. 862.

An agent in order to have power to compromise or settle a claim must be specially authorized for that

purpose or must have such a broad general authority of management and control that the power arises as an incident to the conduct of the agency in its ordinary manner. 2 C. J. S., § 118, p. 1339.

The appellant in the case at bar by her authorization to her attorneys, Walker and Walker, empowered them to collect the bonds in question in a satisfactory manner and method and by whatever means they decided best. Colonel Walker testified that the Pocket Realty Company was part of a plan to clear up some of these bonds, and that the company acted in order to help Walker and Walker in what seemed to be the best results for Mrs. Black.

It is not unusual in the collection of Barrett Law bonds to accept deeds in discharge and settlement of obligations therefor, and as Walker testified, the Pocket Realty Company under their plan took a great number of quit claim deeds. By this grant of authority by Mrs. Black, as shown in the evidence, it is apparent that she authorized her attorneys to engage in the plan for the liquidation of the bonds owing to her in the manner described. Clearly, the Pocket Realty Company under the circumstances shown to exist held the title to this real estate as a trustee for the appellant.

Appellant's agents and attorneys, Walker and Walker, took a deed to the property in question for appellant's benefit. The payment for the deed was made by one of these attorneys, and the transaction was entered upon by Luhring in response to a letter from the Walker office to him regarding the claim of appellant and the transaction was consummated and concluded in this office under circumstances which created a course of dealings with the appellant's attorney which was equivalent to such dealing directly with appellant by reason of the broad general power and authority

granted by appellant to her attorneys under the circumstances shown and in the light of the nature of the agency which was for the liquidation of unpaid and delinquent Barrett Law bonds.

Luhring's dealings with Bippus and Walker in the Walker office at the time of the delivery of the deed, which dealings were at the instance and request of Mrs. Black's attorneys and in response to their letter to Luhring requesting settlement in the manner which was finally carried out, was clearly equivalent to such dealing directly with Mrs. Black, the appellant, and is so regarded in the opinion of the court. *Hubard & Appleby* v. *Thacher* (1922), 132 Va. 33, 110 S. E. 263, 21 A. L. R. 423.

We feel there is sufficient evidence to support the findings of the trial court, and that the decision of the trial court is sustained by sufficient evidence and is not contrary to law and that the trial court did not err in each of its first and second conclusions of law.

Judgment affirmed.

NOTE.—Reported in 85 N. E. 2d 647.