## The North British Mercantile Insurance Company *v.* Koontz.

[No. 2200. Filed May 26, 1897.]

APPEAL AND ERROR.—*Failure to Discuss Error Assigned.—Waiver of Error.*—An assignment of error is waived by failure of appellant to discuss same. *p. 626.*

SAME.—*Evidence.—Weight Of.*—Where there is some evidence in the record which fairly supports the facts found a judgment will not be disturbed on the ground that the findings of the court are not sustained by the evidence. *pp. 626, 627.*

PRACTICE.—*Special Finding.—Exception.*—When the court, at the request of either party, makes a special finding of facts, and states its conclusions of law thereon, an exception to the conclusions of law is an admission, for the purpose of the motion, that the facts are fully and correctly found. *p. 627.*

SAME.—*Special Finding.—Amendment After Judgment.*—After the court has made its finding of facts, stated its conclusions of law, and rendered judgment thereon, such court has no power to amend and supply defects in a special finding on motion of one or the parties. *p. 627.*

APPEAL AND ERROR.—*Assignment of Error.—Special Finding.*—Where there is a special finding of facts and conclusions of law thereon, to present any question in the appellate tribunal as to the correctness of the conclusions of law, there must be an assignment of error that the court erred in its conclusions of law. *p. 628.*

From the Madison Superior Court. *Affirmed.*

*Bishopp & Scanlan,* for appellant.

*William A. Kittinger* and *Edward D. Reardon,* for appellee.

WILEY, C. J.—Appellee held a policy of insurance issued by appellant, insuring him against loss by fire of certain personal property therein described. Before the expiration of the policy, and after the appellee had paid the full premium demanded by appellant, the property covered by said policy was wholly destroyed by fire.

VOL. 17—40

The appellee sued the appellant upon the policy to recover for the loss sustained, and upon issue being joined the cause was submitted to the court for trial, and at the request of appellant the court made a special finding of facts, stated its conclusions of law, and pronounced judgment thereon in favor of appellee.

There are six specifications in appellant's assignment of errors, but none of them present any question for our consideration except the first and fourth, and they are as follows:

First: The court erred in sustaining plaintiff's demurrer to the second paragraph of defendant's answer.

Fourth: The court erred in overruling defendant's motion for a new trial.

The first assignment of error is waived by appellant's failure to discuss it. Appellant's motion for a new trial was for the statutory grounds: (1) that the findings of the court are not supported by sufficient evidence, and (2) that the findings of the court are contrary to law.

After the court had made its special findings of facts, stated its conclusions of law and pronounced judgment thereon, appellant moved the court to modify certain of its findings, and to make other findings of fact, which motion was overruled and appellant excepted.

It should be stated, before proceeding further, that after the court had announced its conclusion of law, and before judgment had been pronounced thereon, the appellant excepted to the conclusion of law as stated by the court.

We have examined the evidence with much care, and while there is a sharp conflict, the findings of the court are fairly sustained by the evidence. There is in the record, evidence which supports the findings of

fact as made by the court, and under the long and well established rule, this court will not examine and weigh the evidence, and hence, cannot disturb the judgment on that ground. But, in this case, there is an additional reason why the judgment cannot be disturbed on the ground that the findings of the court are not sustained by the evidence, and that is, the appellant waived the question by its exceptions to the conclusions of law. When the court, at the request of either party, makes a special finding of facts, and states its conclusions of law thereon, an exception to the conclusions of law is an admission for the purpose of the motion that the facts are fully and correctly found. *Gray* v. *Taylor*, 2 Ind. App. 155; *Fulp* v. *Beaver*, 136 Ind. 319; *McCrory* v. *Little*, 136 Ind. 86; *Blair* v. *Blair*, 131 Ind. 194; *State, ex rel.* v. *Vogel*, 117 Ind. 188; *Neisler* v. *Harris*, 115 Ind. 560: *Warren* v. *Sohn*, 112 Ind. 213; *Gardner* v. *Case*, 111 Ind. 494.

In such case, if the court finds and states the facts contrary to the evidence, the remedy is by a motion for a new trial, and not by a motion to modify or correct the findings. *Gray* v. *Taylor, supra; Gardner* v. *Case, supra; Quill* v. *Gallivan*, 108 Ind. 235; *Dodge* v. *Pope*, 93 Ind. 480; *Bertelson* v. *Bower*, 81 Ind. 512; *Ex parte Walls*, 73 Ind. 95.

Appellant's motion to modify the special findings came too late. The court made its special findings of facts, stated its conclusions of law, and rendered judgment thereon on March 3, 1896, and on the succeeding day the appellant moved the court to modify the findings.

After the court has made its finding of facts, stated its conclusions of law, and rendered judgment thereon, such court has no power to amend and supply defects in a special finding on motion of one of the parties. *Hartlepp* v. *Whiteley*, 129 Ind. 576; *Hartlepp*

v. *Whitely, etc. Co.* 131 Ind. 543; *Clark* v. *State, ex rel.*, 125 Ind. 1; *Wray* v. *Hill*, 85 Ind. 546; *Levy* v. *Chittenden*, 120 Ind. 37; *Bunch* v. *Heart*, 138 Ind. 1; *Hilgenberg* v. *Northup*, 134 Ind 92.

By a strict construction, appellant has not assigned any available error in this court. True, in its motion for a new trial, the second reason assigned therefor was that the findings of the court are contrary to law, and one of the assignments of error is the alleged error of the court in overruling appellant's motion for a new trial.

The rule seems to be well settled in this State, that where there is a special finding of facts and conclusions of law thereon, to present any question in the appellate tribunal as to the correctness of the conclusions of law, there must be an assignment of error that the court erred in its conclusions of law. *Nading* v. *Elliott, Tr.*, 137 Ind. 261; Buskirk's Practice, p. 205; 1 Works Practice and Pleading, section 809; *Lewis* v. *Haas*, 50 Ind. 246; *State, ex rel.* v. *Bery.* 50 Ind. 496; *Selking* v. *Jones, Admr.*, 52 Ind. 409; *Hartman* v. *Aveline*, 63 Ind. 344.

Counsel for appellant, in their brief have argued but two questions: (1) the action of the court in overruling its motion to modify the special findings, and (2) the weight of the evidence. As to the first, we have shown that it is not properly presented by the assignment of error, and as to the second, which is presented by the fourth specification of the assignment of error, we have already disposed of by saying that there is some evidence in the record which fairly supports the facts found. This being true, we cannot disturb the judgment on that ground.

After a very careful examination of the entire record, we think the case was fairly tried and a correct conclusion reached.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.