MERTZ, ADMINISTRATOR, ET AL. *v.* WALLACE.

[No. 13,449.   Filed December 20, 1929.   Rehearing denied April 24, 1930.   Transfer denied October 31, 1931.]

*Joseph B. Ross* and *Addison K. Sills,* for appellants.
*D. M. Patrick* and *Randolph & Randolph,* for appellee.

NICHOLS, J.—Action by appellee against appellant for breach of a written contract whereby appellee agreed

to lease certain premises owned by him to appellant Burt and decedent Mertz upon the terms and conditions set out in said contract, and to sell to them certain items of personal property specified therein.

This is the second appeal in this case, and as the contract involved was fully set out in the opinion on the former appeal, we do not need to restate it here. The trial court, before the first appeal, sustained the several demurrers of the present appellants to the present appellee's claim, such ruling being based primarily upon what is regarded as the insufficiency of the contract which is the basis of this action. The judgment rendered on such rulings was appealed from, and this court, in *Wallace* v. *Mertz, Admr.* (1927), 86 Ind. App. 185, 156 N. E. 562, reversed the judgment of the trial court, with instructions to overrule the several demurrers of the several appellants to the claim as filed.

After the case was remanded and the issues joined, a trial was had, and the court, after finding the facts specially, stated conclusions of law thereon favorable to appellee, which conclusions form the basis of the judgment now appealed from.

It appears by the special findings that, previous to September 27, 1923, decedent Mertz and appellant Burt were partners in the name of "Burt-Mertz Motor Sales," hereinafter called "the sales company," doing business in LaFayette, Indiana, and engaged in the sale of automobiles, operating an automobile garage and making automobile repairs; that Mertz died March 6, 1924, and that, on March 14, 1924, appellant Mertz was appointed administrator of his estate; that, at the time of the commencement of this action, the partnership had no assets and that it has had none since that time; that, on September 27, 1923, appellee Wallace was the owner of certain real estate in LaFayette, and that he has continued since that time to own the same; that on said date there

was situate on said real estate an automobile salesroom and garage, and that the same was equipped with machinery, tools and appliances for the operation of a motor salesroom, and for storage and repair purposes, which building consisted of two stories; that, a few weeks prior to September 27; 1923, the sales company took possession of a part of such building and had on display automobiles in the showroom, other automobiles in the second story of the building, and had the use of the office in the building and of the other facilities connected with the building, but that there was no lease existing between appellee and the sales company, and that the occupation of the same and the use thereof was indefinite and uncertain; that while the sales company was so occupying such building, they were negotiating with appellee for the lease of the entire building, and continued such negotiations up until September 27, 1923; that while they were so negotiating for such building, a portion of such building was occupied by the Brady Motor Company under a lease from appellee, a part was occupied by appellee, and a portion of the same was occupied by the Indian Refining Company under a lease from appellee; that, on September 27, 1923, appellee and the sales company, as the result of their negotiations, entered into the agreement set out in the previous opinion of this court; that, on September 28, 1923, appellee caused to be prepared a proposed lease of such building to Mertz and Burt in their firm name of the sales company, which, while it bears date of September 28, 1923, was not tendered to Burt and to Mertz until after the execution of the Brady agreement; that such proposed lease was delivered to Mertz and Burt soon after its preparation and before October 1, 1923. We deem it unnecessary to set out this proposed agreement, except as its terms are hereinafter mentioned. That, during the oral negotiations leading up to the executory agree-

ment of September 27, 1923, the sales company agreed to pay appellee $1,000 as a bonus for the lease of his premises in addition to the rent agreed upon; that such payment of $1,000, although denominated in the lease as "rent," was intended by appellee, and understood by the sales company, as representing such bonus covered by their oral negotiations; that the Brady agreement was performed by the parties thereto as therein provided, and the Brady Motor Company vacated the building on November 30, 1923, and appellee canceled his lease to the Brady Motor Company; that the Brady Motor Company, immediately after the execution of the Brady agreement, commenced to acquire other quarters into which to move its business and continued so to do until October 5, 1923, when the sales company acquired a lease on the premises for which the Brady company was negotiating, and moved out of appellee's premises; that the proposed lease contained the usual stipulations concerning the legal rights and remedies of all parties who were to execute the same; that the proposed lease did not fix the date of its commencement, and was ambiguous and indefinite on that subject, and that the Brady agreement fixed no time certain for the commencement of use by the sales company of the portion of the building occupied by the Brady company at an earlier date than December 1, 1923, but from a consideration of such contracts, the evidence adduced and the acts of the parties thereto, it was their purpose to enter into a lease at once to commence the five-year period without intention to pay or collect rent while the Brady Motor Company occupied the building; that soon after the proposed lease was presented, it developed that the minds of the parties were not in accord on the proposal, and a conference was held at which appellee and his counsel, Mertz, Burt and their counsel were present; that the sales company, prior to their negotiations with

appellee for the lease, had acquired the agency for handling and selling Ford motor cars; that their contract for such agency was not for a time coextensive with the proposed lease; that the conference between the parties and their counsel related first to the first provision of the proposed lease fixing the time of commencement and duration of the lease; that the sales company and their counsel objected to the five-year term and the date of the lease and assigned as a reason for their objection to the length of term their situation with reference to their agency contract for the Ford car business; that, upon such objection being made, appellee offered to modify the lease by extending to the lessee the right to assign or sublet the lease if it lost the Ford agency; that appellee refused to yield as to the length of the proposed term except as he had proposed to extend the right of assignment or subleasing; that the sales company refused to make a lease for the five-year term, or to accept the modification proposed by appellee, and, thereupon, appellee, by his counsel, answered that it was useless to proceed with the consideration of the proposed lease and withdrew from the conference; that, prior to the consideration of the lease and its terms as above found, there was some discussion as to other provisions of the lease not being in conformity with the executory contract, but these discussions were not carried to a conclusion, and the failure and refusal to agree upon the length of the lease resulted in the rupture of the conference; that, at a later date, Mertz and Burt had another conference with appellee, in which they requested a modification of the length of time the lease should run, which request was denied; that after this conference, the sales company commenced to negotiate for other quarters into which they could move the business which they intended to conduct in appellee's building; that, on October 3, 1923, there were three written

communications passed between appellee and Burt and Mertz, the first by Burt and Mertz refusing to accept or execute the proposed lease, the second by appellee to Burt and Mertz, requesting that they have a lease prepared in accordance with their understanding of the previous agreement and submit it for examination, and the third by Burt and Mertz notifying that they had leased other property and were preparing to move to it; that Burt and Mertz, partners, did not at any time present to appellee any proposed lease as requested by him, and, at the time they wrote and delivered said communications to appellee, they had already acquired other premises to which they moved on October 5, 1923, and that by said last communications they intended to and did repudiate the executory contract and refused to comply therewith; that they did not at any time make a good faith effort to agree upon a lease for appellee's premises in accordance with the terms of such executory contract; that the Brady Motor Company paid appellee $400 for the room occupied by it in appellee's building for the months of October and November, 1923; that appellee has received and will receive from December 1, 1923, to October 1, 1928, on account of the rental of his building agreed to be leased to the sales company, a total of $23,125; that there would have accrued to him under his contract with the sales company rentals in accordance therewith from December 1, 1923, to October 1, 1928, 58 months at $450 per month, $26,100; that the sales company did not pay appellee anything on account of such executory contract; that, if the law is with appellee, he has suffered damages on account of the sales company's refusal to perform its contract in the sum of $2,975; that, on November 24, 1923, appellee, by letter, notified Burt and Mertz of the time when the Brady company would vacate his building, demanding rent and that they should take the per-

sonal property contracted for; that from September 27, 1923, until December 1, 1923, the fair market value at LaFayette of the personal property contracted to be sold by appellee to Burt and Mertz was $1,244.37, and that the difference between such market value and the contract price of $3,250 was $2,005.63, and, on September 27, and until and on December 1, 1923, appellee was the owner of all such personal property; that subsequent to December 1, 1923, appellee sold portions of such property at private sale without giving any notice of the sale of the same, and that he did not at any time give to the sales company or to the members of the firm any notice of his intention to sell such personal property, the time of sale, the place of sale or the terms thereof; that he had such property in his possession and was ready, able and willing to deliver the same to the sales company, upon its compliance with the terms of the contract; that the sales company at no time ever demanded possession of such personal property, or had any part of the same in its possession, and that it did not pay or offer to pay appellee anything on account thereof; that it was not the intention of appellee, by such contract, to lease his building separate from the sale of such personal property, and that the sales company did not by such contract intend to lease the building separate from the purchase of such personal property, and that the lease and the personal property were each necessary for the proper and intended use by each of the parties as an entirety, and that such contract is not severable as between the lease contracted for and the sale of the personal property; that the sales company repudiated such contract for the sale of such personal property on October 3, 1923, and thereafter refused to comply with the same; that appellee made a reasonable effort and used reasonable diligence in renting his property for the best price obtainable from December 1, 1923; that,

if the law is with appellee, he has been damaged in the sum of $2,005.63 by the failure of the sales company to comply with its contract for the purchase of such personal property.

Upon these findings, the court stated its conclusions of law that no damages accrued to appellee on account of the contract sued upon for the period from September 27, 1923, to December 1, 1923, while the premises were occupied by the Brady Motor Company, and that he is not entitled to recover anything on that account; that appellee is entitled to recover from appellants $2,975 damages accruing on account of the repudiation by them of, and the failure to comply with, the contract to lease his premises; that appellee is entitled to recover from appellants $2,005.63 damages on account of the failure and refusal to take and pay for the personal property purchased from him by the contract sued upon; that appellee is entitled to recover his costs. On these conclusions, the court rendered judgment for appellee for $4,980.63.

Appellants rely for reversal upon error of the court in its conclusions of law, and in overruling its motion for a new trial, under which is presented the insufficiency of the evidence to sustain the findings of the court, that the findings are contrary to law, and error in the assessment of the amount of recovery.

Appellee forcefully challenges appellant's brief as being so openly in violation of Rule 22 of this court and of the Supreme Court, as to present no question for our consideration, and we are compelled to say there is much merit in appellee's contention. Appellants' points 1 to 19, inclusive, are placed under a heading of error of the court in overruling a motion for a new trial, and they can be applicable only to questions as to whether the evidence is sufficient to sustain the decision of the court, and as to whether such deci-

sion is contrary to law. Where, as here, there are special findings of fact, this court is only required to pass on two questions with respect to such findings: (1) Is there a fact found which is essential to the decision of the court and which is not supported by any evidence and which cannot be supplied by any reasonable inference from the facts which are proved? If so, then such finding is not supported by sufficient evidence. *State Bank* v. *Seaman* (1846), 8 Blackf. (Ind.) 181; *Swales* v. *Jackson* (1890), 126 Ind. 282, 26 N. E. 62; *Ray, Admr.,* v. *Dunn* (1871), 38 Ind. 230. (2) Does the undisputed evidence establish a fact which is not found, but which, if found, would necessitate a different conclusion of law, and a different judgment based thereon? If so, then the decision is contrary to law. *Ex parte Walls* (1880), 73 Ind. 95, 110, 111; *Nading* v. *Elliott, Trustee* (1894), 137 Ind. 269, 36 N. E. 695; *North British, etc., Ins. Co.* v. *Koontz* (1897), 17 Ind. App. 625, 47 N. E. 233; *Beach* v. *Franklin Tp.* (1913), 56 Ind. App. 220, 103 N. E. 498. But appellants have not confined their points to these questions. Instead, they have presented questions which go only to the correctness of the conclusions of law; they have undertaken to challenge the legal effect of the facts found. It is well established that a motion for a new trial cannot be made to perform the office of exceptions to the conclusions of law. *Weaver* v. *Apple* (1897), 147 Ind. 304, 46 N. E. 642; *Smith* v. *James* (1892), 131 Ind. 131, 30 N. E. 902; *Evans* v. *Rutherford* (1921), 76 Ind. App. 366, 369, 131 N. E. 55; *Thread Mills Co.* v. *Hubbard* (1926), 85 Ind. App. 5, 152 N. E. 294.

What we have said with reference to points 1 to 19 inclusive applies with equal force to point 20, under which appellants undertake to present the question of excessive recovery, by presenting the legal effect of the finding. Clearly, such conten-

tion is available only under exceptions to the conclusions of law.

Under point 21, appellants present the question of the correctness of the conclusions of law. It is well that we here observe that in the decision on the first appeal of this case, *Wallace* v. *Mertz, Admr.* (1927), 86 Ind. App. 185, 156 N. E. 562, this court held the contract in suit to be a valid contract, and that decision, right or wrong, is the law of the case on this appeal. And now the trial court finds that appellee herein, consummated and completed the execution of the Brady contract and thereby performed his covenants as far as possible before the repudiation of the contract by appellants herein and the decedent Mertz. It follows that appellants are bound by the contract in suit, unless they are relieved therefrom by some act of appellee, not presented on the former appeal and properly to be presented, which amounted to a rescission or repudiation of the contract. Appellants claim that appellee failed to present a lease to which they agreed, but conceding that it was incumbent on appellee to prepare and present an acceptable lease more than upon appellants, and we do not so decide, appellee did prepare a formal lease, necessarily tentative and without finality in its conditions, and submitted it to appellants. Even though such tentative lease did not conform to the conditions of the contract, it did not amount to a repudiation thereof, and appellee plainly evinced no such intention; on the contrary, he requested appellants to prepare a lease according to their understanding of the contract and submit it to him for his examination. Before appellants could be justified in rescinding or abandoning the contract, there must have been something in the conduct of appellee which evinced an intention no longer to be found thereby. 6 R. C. L., Contracts, §311. See, also, *Federal Life Ins. Co.* v. *Maxam* (1917).

70 Ind. App. 266, 117 N. E. 801, 118 N. E. 839; *Indiana Life Endowment Co.* v. *Carnithan* (1915), 62 Ind. App. 567, 109 N. E. 851. But, appellants, without making any substantial objection to the lease, except as to the length of time it was to run, and without preparing and submitting a formal lease in accordance with their understanding of the contract for appellee's consideration, repudiated the contract and moved out of the premises and this, after appellee, in performance of his covenants, had, by negotiations with Brady, secured a cancellation of his lease and thereby lost his tenant. Appellee, having performed his covenant as to Brady, and having tendered a tentative formal lease, had fully performed so far as he could until further action by appellants, and when they, instead of presenting a lease for appellee's consideration, chose to repudiate the contract, there was nothing further for appellee to do.

There is nothing in appellants' contention that appellee could not perform his contract as to the personal property for the reason that, after December 1, 1923, he sold a part of it. The contract sued on is executory, and the title to the property remained in appellee. Appellants had repudiated the contract, and this action is not for performance, but for damages because of breach of performance, and the measure of damages was the difference between the contract price of the property and its fair market value at the time and place of delivery.

It is so apparent that a right result has been reached in this case that we deem it unnecessary further to extend this opinion by a consideration of each separate challenge of the conclusions as applied to appellants' interpretations of the findings.

We find no error.

Judgment affirmed.

ON PETITION FOR REHEARING.

NICHOLS, J.—Appellants on rehearing present that, upon the former appeal, *Wallace* v. *Mertz, Admr.* (1927), 86 Ind. App. 185, 156 N. E. 562, the only error assigned was the ruling of the court on the demurrer to the complaint, and that there was no motion for a new trial and no error presented except that relating to the ruling on the demurrer to the claim or complaint. Appellants are correct in this statement, but, because of an inadvertent error in the publication of the opinion in the present appeal in the advance sheet of the Northeastern Reporter, appellants have been misled without their fault, into charging that the court, in this appeal, erred in holding that appellants are bound by the contract in suit because of the decision of the Appellate Court in the former appeal. The error mentioned is found in points (6-8) of the advance sheet on page 337 of 169 Northeastern Reporter. The opinion, in this regard, as originally filed, and as it still appears on the file in the clerk's office, reads as follows: "It is well that we here observe that, in the decision on the first appeal of this case, *Wallace* v. *Mertz, Admr.* (1927), 86 Ind. App. 185, 156 N. E. 562, this court held the contract in suit to be a valid contract, and that decision, right or wrong, is the law of the case on this appeal. And now the trial court finds that appellee herein, consummated and completed the execution of the Brady contract and thereby performed his covenant as far as possible before the repudiation of the contract by appellants herein and the decedent Mertz. It follows that appellants are bound by the contract in suit, unless they are relieved therefrom by some act of appellee, not presented on the former appeal and properly to be presented, which amounted to a rescission or repudiation of the contract." This is the exact language of the opinion as originally filed and as now on file.

302

When the opinion is published in an official volume of the Indiana Reports, it will appear as above set out.