THE CENTRAL PHARMACAL COMPANY *v.* SALB ET AL.

[No. 15,470. Filed March 29, 1938. Rehearing denied June 29, 1938. Transfer denied February 11, 1939. Petition to reconsider denied May 16, 1939.]

496

*Thomas H. Branaman,* for appellant.

*Montgomery & Montgomery, Baker, Richman & Sharpnack, Pickens, Gause, Gilliom & Pickens* and *Edward P. Elsner,* for appellees.

CURTIS, J.—The appellant's action in the trial court was tried upon its second amended complaint in two paragraphs alleging in substance that it was the owner of a trade secret of which the appellee Salb, as its employee, had acquired knowledge, and was intending to use it and to divulge the secret to others in violation of his obligations to the appellant and to its great and irreparable damage unless the injunction sought by the second amended complaint be granted. Each paragraph was answered in general denial.

Trial was had before the court and upon proper request a special finding of facts was made and conclusions of law stated. The conclusions of law are as follows: "The court concludes as a matter of law: First, that the law and the equity of the case is not with the plaintiff. Second, that the plaintiff is not entitled to recover against the defendants or either of them." The judgment was in accordance therewith.

The appellant seasonably filed a motion for a new trial which was overruled and this appeal then prayed and perfected. The errors assigned are that the court erred in each of its conclusions of law and in the ruling on the motion for a new trial. The causes or grounds of the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The finding of facts is not lengthy and we set it out in full as follows:

"1. That the plaintiff, The Central Pharmacal Company, is now and, for more than fifteen years continuously last past has been a corporation duly organized and existing under the laws of Indiana, with its place of business at Seymour, Indiana. That it is and has been during all of that period engaged in the business of manufacturing, compounding and selling drugs, medicines and chemical preparations to physicians and druggists throughout a considerable territory of the United States.

"2. That during all of the above period it was engaged in chemical research and experimental work in the discovery, development and perfection of new drugs and chemical compounds, and in such work employed skilled chemists and assistants and expended large sums of money for that purpose.

"3. That on the 8th day of August, 1921, the plaintiff employed the defendant Oscar G. Salb, who was a skilled chemist. That under the terms of his employment, said defendant was to engage for plaintiff generally in research work in chemicals and remedies, to analyze chemicals and drugs and make the labels for the same conform to the Pure Food and Drug Acts of the United States and the various states of the Union in which plaintiff was doing business. That he was to aid in the development and perfection of new drugs and chemical compounds for the use and benefit of plaintiff. That nothing was said specifically between said parties as to the right and ownership in any new chemical compound which might have been discovered and perfected by said defendant while he was in the employ of the plaintiff either full time or part time.

"That defendant was continuously in the employ of the plaintiff from August 8, 1921, to about June 1, 1932, except that he left said employment in October, 1929, for a short period, when he was re-employed generally to assist in such research work for the plaintiff and to aid it generally as its chemist. That during all of said time the defendant Salb was engaged by other persons, as a chemist, and with the full knowledge of the plaintiff.

"4. That from the . . . day of October, 1929, to the time he left the employ of the plaintiff he was

no longer occupying the premises of the plaintiff and was maintaining and occupying his own quarters in a building separate and apart from that of the plaintiff and during all of said latter period was engaged in part-time work only for the plaintiff, and was during said time maintaining a separate laboratory and engaged in work for himself and others.

"5. That during the period of said employment, and as a part of defendant's said employment, the plaintiff and the defendant, Salb, made research and study of a compound and remedy for syphilis, to be used either orally or intra-muscularly by hypodermic injection. That a formula for a compound to be used intra-muscularly was developed and was attempted to be used and experiments were made with it, but it was unsuccessful and it was learned by the parties that a similar article was already patented and claimed by another person and the same was abandoned by the plaintiff and the defendant.

"That later and during said employment the defendant, Salb, as a part of said employment by plaintiff, worked in collaboration with officers and employees of plaintiff upon the development of a chemical compound for the treatment of syphilis orally and used in said work chemicals, materials, supplies and equipment of the plaintiff provided therefor; that in the course of said employment and as a result of his said work, defendant, Salb, prepared and delivered to plaintiff quantities of a chemical compound or compounds for such purpose and use and which are each and all within the description contained in plaintiff's second amended Exhibit A to plaintiff's complaint herein.

"That the principal chemical ingredients of the same are Bismuth, Iodine and Hexamethylenetetramine is the solvent. That the description of and formula for said compound has been on file with the Court and kept away from the public as a trade secret, but the Court finds that the same is not a secret, but was and is a copy in all practical respects as a formula developed by a German chemist in 1893. That the formula, process for and description of said compound, which it is claimed the defendant Salb perfected for the use and benefit of the plaintiff, is described and set out in the second

amended Exhibit A to plaintiff's complaint herein as furnished to the Court, and which said exhibit at the request of the plaintiff is sealed by the Court and filed in the office of the clerk of this court subject to such further use and disposition as the Court may order in the future in the interests of the parties hereto.

"6. That said formula for said compound was not known to the plaintiff during the period of employment of said Salb and was not known by it at the time of the commencement of this action. That said formula is an analysis of the compound "Bisiodide" which was put upon the market by said Salb after he left the employ of the plaintiff.

"7. The Court finds that said defendant Salb applied for a patent upon the said formula process and compound so developed by him in March, 1932, in the Patent Office of the United States under the trade name 'Bisiodide.' That said application is still pending. That said process was not perfected by him prior to June, 1932.

"8. That the plaintiff has developed a formula and compound similar in all respects and to all practical purposes as that developed by said defendant. That the exact proportions of the content of the compound developed by plaintiff is not known by the Court.

"Nor is the method of compounding the same known to the Court. That the plaintiff has put its compound on the market under the trade name, 'Bismodide.' That on August 23, 1932, it applied for a patent upon the same in the Patent Office of the United States and that the same is still pending.

"9. The Court further finds that each of said formulae and compounds was prepared and intended as a remedy and treatment of the disease of syphilis and put upon the market to physicians. That it is not known by the Court that either of said compounds has any merit or efficacy in the treatment of said disease.

"10. The Court finds that in the year 1924, and while the defendant Salb was in the employ of the plaintiff and working in their laboratories, he in connection with Henry Osterman, who at the time was the treasurer and general manager of the plaintiff company, developed and perfected a formula and compound for a chemical compound, and placed

the same upon the market as a tasteless salts, under the trade name of 'Sparklo.' That a company was formed by said Salb and said Osterman, which took the rights to said compound as its own, and since continued to use and market the same as its property and the same never became the property of the plaintiff, and it never at any time asserted ownership over said formula or compound.

"1. That on May —, 1933, the defendant Salb caused to be organized and assisted in the organization of a corporation under the name of Salb Laboratories, Inc., and that he is the president of said corporation. That said Salb Laboratories, Inc., is one of the defendants herein. That the defendants Ernest D. Snider, Ed L. Voelz, and Robert G. Stang are stockholders in said corporation and have been since its organization. That it has and claims title to the formula and compound developed by said Salb as heretofore stated and asserts ownership over it. That at the time of its organization and continually since said corporation has full knowledge of the manner in which said formula has been developed and the claim of the plaintiff to the ownership thereof."

The appellees are in error when they assert in their brief that the exceptions to the conclusions of law and the causes or grounds in the motion for a new trial, to-wit: that the decision of the court is not sustained by sufficient evidence and is contrary to law "present substantially the same question." This statement is not correct and serves only to confuse an Appellate practice in this state, which is well established and well understood. A motion for a new trial does not perform and cannot be made to perform the office of exceptions to the conclusions of law. *Mertz, Admr.* v. *Wallace* (1931), 93 Ind. App. 289, 169 N. E. 333; *Nading* v. *Elliott, Trustee, et al.* (1894), 137 Ind. 261, 36 N. E. 695.

By the two causes or grounds of the motion for a new trial which are above mentioned, the appellant is entitled

first, to have this court determine whether or not the special finding of fact in the instant case contains a finding which is essential to the decision the court made which is not supported by any evidence and which cannot be supplied by any reasonable inferences from the evidence. Secondly, the appellant is entitled to have this court determine whether or not the undisputed evidence establishes a controlling fact within the issues which is not found, but which if found would necessitate different conclusions of law and a different judgment based thereon.

It is, therefore, manifestly apparent that in the determination of the said two causes for a new trial, this court is required to examine the evidence. Where, however, the assignment is that the court erred in its conclusions of law, then the duty of this court is to examine the facts found by the court which for the purpose of testing the conclusions of law is admitted to be correct and from such examination of the facts found, determine whether or not the conclusions of law are correctly stated. In this latter situation the court takes the facts as found to be correct and therefore makes no examination whatever of the evidence. By assuming the facts to be correctly found, the inquiry is purely a question of law to determine whether or not the conclusions of law are correct. The appellant in the instant case has attempted to point out that certain facts are found with no evidence to sustain them and that other facts were proven by the undisputed evidence, but that the court failed to find such facts. It will thus be seen that the appellant correctly conceived its remedy by way of the motion for a new trial, and while the appellees in their brief have not aided us greatly in this particular in their brief, yet we have carefully examined the record that is presented to us and have reached the conclusion that there are no controlling

facts found by the court which are not sustained by the evidence even though there are some minor inaccuracies in that respect. We have also concluded that there are no controlling facts shown by the undisputed evidence which the court failed to find, although here again there are some minor inaccuracies, but upon the whole, we have concluded that no reversible error is shown under the motion for a new trial. This brings us then to a consideration of the conclusions of law which are based upon the finding of facts.

We look upon the question presented by the conclusions of law as close. In our examination of that question, we have been aided by able briefs on both sides, in which the leading decisions have been cited and some reviewed. The trial court no doubt was influenced materially by its finding that the appellee Salb was employed GENERALLY in research work for the appellant and worked in that employment continuously "from August 8, 1921, to about June 1st, 1932, except that he left said employment in October, 1929, for a short time, when he was re-employed GENERALLY to assist in such research work for the plaintiff and to aid it GENERALLY as its chemist; that during all of said time the defendant Salb was engaged by other persons, as a chemist, and with the full knowledge of the plaintiff" and that from October, 1929, to the time when he left the appellant's employment he had his own separate laboratory in another building and worked only a part of his time for the appellant. Another significant fact found by the court was that while the said Salb was thus employed by the appellant, he developed a formula for a chemical compound known as "Sparklo" which he, Salb, and one Henry Osterman, who was then the treasurer and general manager of the appellant company, put upon the market personally and that the appellant company claimed no ownership in or

control over said compound. The appellees contend that this action amounted to a construction by the parties of the Salb contract with the appellant and showed that the parties thereby construed the contract as not to vest in the appellant any ownership in any, invention of the appellee Salb made during the term of the employment. It is proper for the parties to a contract to place a practical construction upon it which the courts will recognize and follow where it is legally possible to do so. See: *Town of Hagerstown* v. *Liberty Light and Power Co.* (1926), 84 Ind. App. 115, 150 N. E. 116; *The Louisville, New Albany and Chicago Railway Company* v. *Reynolds et al.* (1889), 118 Ind. 170, 20 N. E. 711. The fact thus found by the court was a material fact and even if it did not go as far as the appellees contend it did, yet it is such a fact as the trial court was entitled under the evidence to find and consider. It is also found by the court that the appellee Salb in March, 1932, applied in the Patent Office of the United States for a patent upon the compound developed by him and named "Bisiodide," and that said patent is still pending. In this connection it is also found that the appellant in August, 1932, applied for a patent upon a similar compound under the name of "Bismodide" and that such patent is still pending. This last finding was based upon the evidence of Henry Osterman that he is the treasurer and manager of the appellant company and has been such since the year 1914. He testified as follows: "I filed an application for a patent on August 23, 1932, on our product Bismodide." The court evidently found that in so doing Osterman was acting for his company, the appellant. From this situation, we think that the court may properly have concluded that an injunction might be improvident. See 32 C. J. 35.

There is a finding "that nothing was said specifically between said parties as to the right and ownership in

504

any new chemical compound which might have been discovered and perfected by said defendant while he was in the employ of the plaintiff, either full or part time." The court also found "that said process was not perfected by him prior to June, 1932." Salb quit working for the appellant about June 1st, 1932. Other facts found might be pointed out, some of which would tend to sustain the appellant's position, but when all of the facts found are considered, we think they form a proper basis for the conclusions of law. The case of *United States* v. *Dubillier, etc., Corp.* (1933), 289 U. S. 178, 53 S. Ct. 554, 77 L. Ed. 1119, discusses the law covering the situation that is presented in the instant case and cites the many authorities, and reviews some of them. We do not feel called upon to attempt to amplify what is said therein.

Finding no reversible error, the judgment is affirmed.