## MINTER V. BITTLER, RECEIVER

[No. 16,621. Filed November 12, 1940. Rehearing denied December 13, 1940. Transfer denied January 7, 1941.]

*Louis Meier,* of Sullivan; and *Frank Hamilton,* of Terre Haute, for appellant.

*Lee F. Bays* and *W. Paul Stratton,* both of Sullivan, for appellee.

STEVENSON, J.—The appellant brought this action to quiet title to an undivided two-thirds interest in and to 332.86 acres of real estate in Sullivan County, Indiana. To her complaint the appellee, George A. Bittler, Receiver of the Peoples National Bank and Trust Company of Sullivan, Indiana, filed an answer in general denial and also a cross-complaint in which the appellee sought to quiet the title to the real estate in question as against any interest of the appellant. An answer in general denial to this cross-complaint closed the issues. The case was submitted to the court for trial without a jury and the court made a special finding of facts and stated conclusions of law thereon.

By these conclusions of law the court concluded generally that the law was against the plaintiff (appellant herein) and with the defendant (appellee herein), and that the appellee was entitled to have its title quieted against the appellant on the real estate described. The court further concluded that the appellee was entitled to recover costs. The appellant duly excepted to each of these conclusions of law and the court then rendered judgment in accordance with such conclusions in favor of the appellee and against the appellant. The appellant then filed a motion for new trial in which she assigned the following reasons, to-wit:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The finding of the Court is not sustained by sufficient evidence.

"3. The decision of the Court is contrary to law.

"4. The finding of the Court is contrary to law."

The court overruled this motion for new trial and this appeal has been perfected.

The only error assigned in this court is the alleged error in overruling the motion for new trial. Under this assignment of error the appellant attempts to challenge the correctness of the conclusions of law under the general proposition that "the decision of the court is contrary to law." The appellant sets forth under this proposition many reasons why the decision of the court is contrary to law. While it is true that the appellant excepted to the court's conclusions of law, it will be noted that there is no assignment of error in this court challenging the correctness of such conclusions. It has been repeatedly held by this court that, "The correctness of a conclusion of law can be contested only by proper exception to such conclusion, and by assigning as error in the court in which an appeal is taken that the trial court erred in the conclusion which it is desired to challenge." *Morsches-Nowels Lumber Co.* v. *Pence* (1939), 106 Ind. App. 219, 18 N. E. (2d) 958; *Mullahy* v. *City of Fort Wayne* (1932), 95 Ind. App. 229, 179 N. E. 563; *Mertz, Admr.* v. *Wallace* (1931), 93 Ind. App. 289, 169 N. E. 333.

All of the questions presented by the appellant under her first Proposition and Points and Authorities thereunder challenge the correctness of the court's decision as announced in its conclusions of law. This cannot be done through the medium of a motion for new trial. *Central Pharmacal Co.* v. *Salb*

(1939), 106 Ind. App. 495, 13 N. E. (2d) 875; *Morsches-Nowels Lumber Co.* v. *Pence, supra.* The appellant by her second and third propositions charges that the "finding of the court is contrary to law," and further that the "finding of the court is not sustained by sufficient evidence." Under these propositions the appellant seeks to point out certain omissions in the special findings of fact which she avers were essential to support the conclusions of law.

Under this assignment the appellant contends that the special findings of fact contain no finding that a transcript of the judgment of the U. S. District Court for the Southern District of Indiana upon which the title of the appellee was based, was ever filed or recorded in the Clerk's office in Sullivan County, Indiana, and hence never became a valid lien against the real estate involved herein.

The appellant contends that it was essential and necessary for the trial court to find as a fact that this judgment had been duly filed and recorded in the Clerk's office of Sullivan County, Indiana, as required by § 2-2520, Burns' 1933, in order to sustain the judgment in favor of the appellee. The appellant contends that the failure of the appellee to prove and the failure of the court to find this essential fact render the conclusions of law erroneous. It is the law in this state "sustained by a long and unbroken line of authorities that the special finding of facts must contain all of the facts necessary to entitle the party to recovery, in whose favor the conclusions of law are found. And on appeal all facts not embraced within the special finding will be deemed as not proven by the party having the burden of the issue and the failure to find a fact essential to recovery will be regarded as a finding against the party having the burden of proving

the same." *Patterson* v. *Gary Land Co.* (1936), 101 Ind. App. 644, 660, 188 N. E. 685.

In this case therefore the trial court has in effect found that the judgment of the U. S. District Court was not recorded in the Clerk's office in Sullivan County, Indiana. The question therefore which the appellant seeks to have reviewed is the correctness of the conclusions of law upon the facts found. This cannot be presented under a motion for new trial. *Mertz, Admr.* v. *Wallace, supra.* The evidence offered at the trial is not contained in the transcript, and the correctness of the facts found is not challenged.

For failure to assign as error any one or each conclusion of law, no question is properly presented to this court for a review.

The judgment of the trial court is affirmed.

Bridwell, C. J., not participating.

NOTE.—Reported in 29 N. E. (2d) 799.