DAWS *v.* DRUSILLA HOME, ET AL.

[No. 17,678. Filed May 24, 1948. Rehearing denied October 1, 1948. Transfer denied December 21, 1948.]

640

*Julius C. Travis,* of Indianapolis, and *Arthur D. Cutler,* of Madison, attorneys for appellant.

*Donald R. Bear,* of Madison, attorney for appellees.

DRAPER, C. J.—Drusilla Home in Madison, Indiana, is a non-profit corporation organized and maintained for the purpose of providing a home for elderly women. In September, 1941, Catherine G. Klein entered the home after paying the admission fee and signing an agreement to convey to the home all property then owned or thereafter acquired by her.

In July, 1941, before entering or applying for admission to the home, she put a certificate representing 40 shares of General Motors stock then owned by her and issued in her name, in an envelope, together with a note written and signed by her which reads: "I Catherine G. Klein give Mame E. Brisbo power of attorney to transfer this Gen. Motors Stock to my granddaughter Helen Louise Golden." On the outside of the envelope she wrote her own name. She handed the sealed envelope to Mrs. Brisbo, an old friend with whom she was then living, and told Mrs. Brisbo the envelope contained General Motors stock and that she wanted Mrs. Brisbo to hand it over to her granddaughter, Helen Louise Golden (now Daws) when she was gone. She further told Mrs. Brisbo she was keeping the stock in her own name "so as to get the interest to use."

Mrs. Klein lived and was cared for in the home until she died there intestate in September, 1945. She saw

Mrs. Brisbo frequently but never requested that the envelope be returned to her. It was placed in Mrs. Brisbo's safety deposit box and remained there until Mrs. Klein died, and it was then handed to Mrs. Daws. Mrs. Klein left no parent or child nor any grandchild except Mrs. Daws. Mrs. Klein continued to regularly receive the dividends on the stock and use them as her own until the time of her death. The home had no information concerning the stock until after Mrs. Klein died.

This contest is between the appellant granddaughter and the appellee home, each claiming to be entitled to the stock. The trial court found in favor of the home.

Obviously, a determination of the ownership of the stock on the date of the agreement between Mrs. Klein and the home will fix the rights of the parties. The granddaughter claims by gift *inter vivos*.

A gift *inter vivos* is a gift between the living. It is perfected and becomes absolute during the lifetime of the parties. It operates, if at all, in the donor's lifetime, immediately and irrevocably. It is a gift executed, and no further act of the parties and no other contingency, such as death, is necessary to give it effect. 24 Am. Jur., Gifts, § 4, p. 732; 38 C. J. S., Gifts, § 3, p. 781; *Bulen* v. *Pendleton Banking Co.* (1948), *ante*, p. 217, 78 N. E. 2d 449.

We think the evidence sufficient to sustain the trial court in concluding that although Mrs. Klein unquestionably wished her granddaughter to have the certificate when she died, there was no present, executed gift. Mrs. Klein apparently retained the right to the possession and control of the envelope and its contents up to the time of her death. The fact that she put her own name on the envelope, instead of that of her granddaughter, would indicate that she

intended the stock to be redelivered to herself and not to her granddaughter in the event Mrs. Brisbo passed away before Mrs. Klein died. The fact that the dividends on the stock were reserved to Mrs. Klein during her lifetime by the arrangement she made, would not defeat an executed gift otherwise valid, *Grant Trust, etc., Co.* v. *Tucker* (1912), 49 Ind. App. 345, 96 N. E. 487, but that circumstance is nevertheless an indication that the transfer was not intended to take effect until after her death. *First Nat. Bank in Dallas* v. *Commissioner of Int. Rev.* (1930), 45 F. 2d 509, certiorari denied 283 U. S. 845, 51 S. Ct. 492, 75 L. Ed. 1454.

Under the Uniform Stock Transfer Act, Burns' 1933, § 25-701 *et seq.*, the title to the certificate and to the shares represented thereby could not have immediately vested in the granddaughter. Mrs. Klein, who appeared on the face of the certificate to be the owner of the shares represented thereby, did not indorse the certificate in any way. Neither did she execute nor deliver, with the certificate, a separate document containing a written assignment of it to her granddaughter, or in blank. She did enclose a paper purporting to empower Mrs. Brisbo to transfer the shares to her granddaughter, but that paper was wholly nugatory, for under the circumstances attending its delivery to Mrs. Brisbo the latter could not act under it during the lifetime of Mrs. Klein, and of course Mrs. Brisbo could not act under it after Mrs. Klein died, for the power died with her.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 79 N. E. 2d 420.